The **TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Corean BROWN et al., Appellees.**

No. 7668.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 5, 1965.

Rehearing Denied Nov. 2, 1965.

Herbert Boyland, Kenley & Boyland, Longview, for appellant.

R. E. McDaniel, Winnie, McDaniel, Hunt & Fairchild, Center, for appellees.

CHADICK, Chief Justice.

This is a Workmen's Compensation Law (Art. 8306 et seq.) case. The widowed mother and the brothers and sisters of Curtis Brown were awarded recovery of death benefits by the District Court of Gregg County, in an action arising out of Brown's death during the construction of school facilities for the Pine Tree Inde-

pendent School District in Gregg County. The judgment is reversed and rendered.

The school construction project was undertaken by H. R. Bergstrom under a written contract with the school district. Bergstrom subcontracted masonry work to John Woods Smith. Included in the masonry work was washing down and cleaning excess mortar from interior brick walls. Jim Louis submitted this offer to Smith:

"To J. W. Smith
Masonry Cont.

"I agree to furnish all labor, material, etc. to clean all interior walls of Unit A of Pine Tree School at .04 per sq. ft.

Jim Louis"

Smith accepted the offer. Curtis Brown was an employee of Smith, working a regular daylight shift May 17, 1961. By arrangement between Curtis Brown and Jim Louis, Brown undertook to clean up, that is, wash down and remove the excess mortar from the interior brick walls, at a rate of $10.00 per room. This cleanup work was to be performed by Brown at times that did not conflict with his regular daylight shift with Smith. In the late afternoon or night of May 17, 1961, Brown began the cleanup work and was found dead at the job site the next morning. The jury, by unchallenged answers to special issues, found that Brown was accidentally electrocuted.

One of the compensation insurer's grounds for reversal is the absence of evidence to support the jury's finding that the decedent Brown was an employee, as the term is used in the Workmen's Compensation Law, of the General Contractor Bergstrom or the Subcontractor Smith at the time of his death. As a phase of this ground the insurer develops its' thesis that Jim Louis was proven to be as a matter of law an independent contractor and Brown was Louis's employee at the time Brown died.

The employer-employee relationship subject to the Workmen's Compensation Law is the legal consequence of a mutual agreement by the parties to a contract of hire, and is created only by contract. Carter Publications Inc. v. Davis (Tex.Civ. App.) 68 S.W.2d 640, writ refused, and Workmen's Compensation, 62 Tex.Jur.2d 563. Art. 8309, Sec. 1, Vernons Ann.Tex.Civ. St. defines an employee as " * * * every person in the service of another under any contract of hire, expressed or implied * * *". This record is devoid of evidence of an express contract of hire between Brown and Bergstrom or Brown and Smith, unless it may be said from the evidence in the record that Jim Louis was authorized to hire laborers for Bergstrom or Smith. Whether or not there is evidence of an implied contract of hire between Brown and Bergstrom or Smith is a closely related inquiry relevant to this appeal.

It was urged in the trial court and is reiterated here by the appellees that Jim Louis was not and could not legally become an independent contractor on the school construction job. Without going into the reasons advanced it will be assumed, without being decided, that Jim Louis was not an independent contractor. To sustain the judgment rendered the record must show that Louis had authority or apparent authority from Bergstrom or Smith to employ workmen for their respective accounts regardless of Louis's specific status.

Appellees construed the above quoted letter from Louis to Smith as a contract authorizing Jim Louis to employ laborers to do Smith's cleanup work. The letter must be considered against the background of circumstances surrounding its execution, since it does not evidence the entire contract and affects the rights of third parties. Allison v. Campbell, (Comm. App.) 117 Tex. 277, 298 S.W. 523; 13 Tex. Jur.2d Sec. 126, p. 297. There is no evidence, the letter aside, of an intention on Smith's part to empower Louis to employ workmen for Smith or the General Con-

tractor Bergstrom. Neither Smith nor Louis so construed the letter, and no negotiation toward that end occurred preceding the contract's execution. The contract letter requires Jim Louis to furnish labor, not laborers. The written memorandum standing alone or considered in connection with all the facts developed in the case does not constitute evidence that either Bergstrom or Smith empowered Louis to employ Brown to work for either of them. No expressed contract of hire is shown.

Neither Bergstrom, Smith, nor any authorized representative of either was aware that Brown was undertaking to do cleanup work after his regular daylight shift. Wallace v. Southern Cotton-Oil Company, 91 Tex. 18, 40 S.W. 399 is cited as an authority sustaining appellees' proposition that Brown was impliedly employed by both Bergstrom and Smith. The Supreme Court in Wallace held that the evidence raised an issue as to the factual status of John Davis, an impecunious Negro man, as an independent contractor with or employee of an oil mill. The opinion says: "The evidence tends to prove that the company, by its superintendent and other officers, did actually exercise authority and control over Davis, over the machinery, and *over the hands employed by him,* inconsistent with the idea that this work was under the control of Davis." (Emphasis added). The evidence in the case at hand does not show that Bergstrom and Smith, or anyone authorized to act in their behalf, exercised control or offered or was authorized to exercise authority and control over Brown in the performance of the cleanup work. The evidence furnishes no basis for a conclusion that by conduct or implication Brown was employed at the time of his death by either Bergstrom or Smith.

On June 19, 1963, the appellees requested Travelers Insurance Company, J. W. Smith, and H. R. Bergstrom for admission of facts under the provision of Rule 169, V.A.T.R. Two of the separately numbered requests and the answers thereto that appellees claim to constitute evidence that Smith and Bergstrom admitted Brown to be an employee are reproduced next:

"41. Within 30 days after May 17, 1962, the defendant J. W. Smith notified the defendant, The Travelers Insurance Company, of the death of Curtis Brown.

"16. In reply to paragraph 41 of such requests, Defendants say that any information furnished the Travelers Insurance Company by H. R. Bergstrom is privileged under the Rules of Civil Procedure and the Workmen's Compensation Act of the State of Texas and thereby refuse to make reply to such request.

"42. Within 30 days after May 17, 1962, the defendant H. R. Bergstrom notified the defendant, The Travelers Insurance Company, of the death of Curtis Brown.

"15. In reply to paragraph 42 of such requests, Defendants say that any information furnished the Travelers Insurance Company by H. R. Bergstrom is privileged under the Rules of Civil Procedure and the Workmen's Compensation Act of the State of Texas and thereby refuse to make reply to such request."

■ The appellees assert that the answers to the requests are so defective that it may be considered as proven that within thirty days after May 17, 1962, J. W. Smith and H. R. Bergstrom notified the Travelers Insurance Company of the death of Curtis Brown. The report, if actually made, is not in evidence. Should it be conceded that Bergstrom and Smith admitted that they separately notified the insurance company of Brown's death, such facts alone do not constitute an admission that they, or either of them, acknowledged in the reports that Brown was an employee of either. The bare fact of a report of Brown's death that does not couple with it an admission that Brown was an employee does not amount to evidence that the deceased was

regarded as an employee by either Bergstrom or Smith. Security Union Casualty Co. v. Hunt (Tex.Civ.App.) 294 S.W. 695, er. dism'd., relied upon by the appellees is distinguishable on the facts from the present case.

The trial court judgment will be reversed and a take nothing judgment entered.