Tommy THOMPSON, Appellant,

v.

TRAVELERS INDEMNITY COMPANY
OF RHODE ISLAND, Appellee.

No. 3–88–261 CV.

Court of Appeals of Texas,
Austin.

May 24, 1989.

Edward Berliner, Law Offices of Edward Berliner, Austin, for appellant.

B. Russell Horton, Brown Maroney & Oaks Hartline, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

Thompson, a jockey, was injured in a race at Manor Downs in July 1986. The trial court concluded he was not Manor Downs' employee and denied his workers' compensation claim. We will affirm.

## DISCUSSION

In two points of error, Thompson asserts that the evidence conclusively established he was an employee. Since these are "no evidence" points, we consider only that evidence which, viewed in its most favorable light, supports the fact finding and we reject all contrary evidence. *Bounds v. Caudle*, 560 S.W.2d 925 (Tex.1977). We reverse only if the evidence conclusively shows Thompson was an employee.

Thompson argues he was an employee of Manor Downs. Travelers, on the other hand, responds that Manor Downs did not exercise control sufficient to consider Thompson an employee.

Whether a worker is an employee or an independent contractor is primarily a matter of control. The test is whether the employer had the right to control the details of the work. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 589 (Tex.1964). "Control over the details of the work" means control over the *physical conduct* of the worker in performing the work, and is shown by such matters as control over when and where to begin and stop work, the regularity of hours and the amount of time spent on particular aspects of the work, the physical method or manner of accomplishing an end result, and selection of the type of tools and appliances used to perform the work. *See, e.g., United States*

*Fidelity & Guaranty Co. v. Goodson,* 568 S.W.2d 443, 447 (Tex.Civ.App.1978, writ ref'd n.r.e.).

Thompson was one jockey in an ever-changing pool of jockeys who raced for owners who did not already have jockeys. Thompson asserts the factors which show control are that Manor Downs sent Thompson and other jockeys mailings about upcoming races, required jockeys to be licensed, supervised and explained the riding rules to jockeys before races, required jockeys to be at the track an hour before races, revoked jockeys' licenses or fined jockeys who violated the rules, and paid jockeys $40 per race less $5 per day for accident insurance.

However, Manor Downs did not control the specifics of Thompson's or any other jockey's race performance, rather, the owner or trainer discussed race strategy with the jockey before the race. Indeed, Thompson was under no obligation to show up at Manor Downs, or to ride in a specific number of races, and was free to leave the track at any time. The $40 mount fee was collected from the owners or trainers by Manor Downs and then paid to the jockeys. Further, Manor Downs did not withhold income taxes from jockeys, and the $5 insurance deduction was voluntary. While Manor Downs licensed and supervised jockeys, it did this to comply with the rules of the American Quarter Horse Association.

Because the evidence does not conclusively establish that Thompson was an employee of Manor Downs, we overrule his two points.

## CONCLUSION

We overrule Thompson's points and affirm the judgment of the trial court.