Regina SMITH, M.D., Appellant,

v.

Taria Marie ALTMAN, Appellee.

No. 10–00–112–CV.

Court of Appeals of Texas,
Waco.

Aug. 9, 2000.

Rehearing Overruled Sept. 13, 2000.

Jon A. Haslett, Larry Watts, Watts & Associates, P.C., Houston, for appellant.

John P. Mabry, Dunnam & Dunnam, L.L.P., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

This is an appeal of the denial of a motion for summary judgment. The motion was based on the assertion of governmental employee immunity and this interlocutory appeal followed. We affirm.

### FACTUAL BACKGROUND BASED ON THE ALLEGATIONS

Taria Marie Altman was injured while riding a four-wheeler. She suffered multiple scrapes, abrasions, bruises and a cut on her foot. She was taken to the emergency room at Lake Whitney Memorial Hospital/Lake Whitney Medical Center. The emergency room physician was Regina Smith, M.D. Dr. Smith treated Altman, including closing the cut on her foot with stitches. Altman went home.

The next day Altman returned to the emergency room with an inflamed and swollen foot. It was x-rayed. It was determined that foreign matter had not been removed before the cut was closed. It was infected and had to be reopened, cleaned and drained. This was done by another doctor.

### PROCEDURAL BACKGROUND

Altman sued Lake Whitney Memorial Hospital, Lake Whitney Medical Center (jointly referred to as the "Hospital") and Dr. Smith. Altman alleged that Dr. Smith was negligent resulting in injury to Altman. Altman did not allege negligence of any other person. Altman also alleged that Dr. Smith was the employee or apparent agent of the Hospital. The Hospital adamantly denied that Dr. Smith was their employee. Dr. Smith also asserted in her responses to interrogatories that she was not an employee or agent of the Hospital and that she "... is an independent ER practitioner." The Hospital moved for summary judgment on the basis of sovereign immunity and failure to timely give the Hospital notice of the claim.

Summary judgment was granted in favor of the Hospital, and Altman's claims against the Hospital were severed. The basis upon which the summary judgment was granted was not specified in the judgment. Altman filed a notice of appeal. The appeal was dismissed for want of prosecution. According to Altman, the matter was settled before her brief in this Court was due, and she therefore allowed the Court to dismiss the appeal.

Dr. Smith then moved for summary judgment on the basis that she had governmental employee immunity.[1] Her basic contention was that if the Hospital is immune from suit because it is a governmental entity, she has immunity as a governmental employee. Dr. Smith asserted that every doctor who worked for a governmental hospital was entitled to governmental employee immunity, and alternatively, that Altman had judicially admitted that Dr. Smith was an employee of the Hospital.

The trial court denied Dr. Smith's motion for summary judgment. The order does not specify the basis of the denial. Dr. Smith brings this interlocutory appeal.[2]

### SUMMARY JUDGMENT BURDENS AT TRIAL

The summary judgment movant bears the burden to prove that no genuine

---

1. § 101.106. Employees Not Liable After Settlement or Judgment

 A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997).

2. § 51.014. Appeal From Interlocutory Order

 (a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

 \* \* \*

 (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2000).

issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Delta Air Lines, Inc. v. Norris,* 949 S.W.2d 422, 425 (Tex.App.—Waco 1997, writ denied). If the movant is the defendant, the movant must conclusively negate at least one of the elements of the non-movant's cause of action or conclusively establish every element of an affirmative defense. *Kinnard v. Circle K Stores, Inc.,* 966 S.W.2d 613, 616 (Tex.App.—San Antonio 1998, no pet.).

## STANDARD OF REVIEW ON APPEAL

On appeal, we are limited to a review of whether the judgment was proper based upon the motion, the evidence and the pleadings properly before the trial court. *See* TEX.R. CIV. P. 166a. We are further limited by the scope of the issues and arguments properly presented on appeal. *See id.* 166a(c).

When determining whether a material fact issue exists, we must accept as true all evidence favorable to the non-movant. *Nixon,* 690 S.W.2d at 548–49; *Delta Air Lines, Inc.,* 949 S.W.2d at 425. Also, we must resolve all doubts and indulge every reasonable inference in favor of the non-movant. *Nixon,* 690 S.W.2d at 549; *Delta Air Lines, Inc.,* 949 S.W.2d at 425. The purpose of a summary judgment proceeding is to determine if there are any questions of fact to be tried, not to try the cause by weighing the evidence or determining its credibility; or trying the cause by affidavit or deposition. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Walls v. First State Bank of Miami,* 900 S.W.2d 117, 123 (Tex.App.—Amarillo 1995, writ denied). Summary judgment is not intended to deprive the litigants of their right to a full hearing on the merits of any real fact issue. *Kim v. State Farm Mut. Auto. Ins. Co.,* 966

S.W.2d 776, 778 (Tex.App.—Dallas 1998, no pet.).

## GOVERNMENTAL EMPLOYEE IMMUNITY [3]

To be entitled to immunity as a governmental employee, Dr. Smith must prove:

1. There is a judgment or settlement;

2. Of a claim under the Texas Tort Claims Act (Chapter 101 of the Texas Civil Practice and Remedies Code);

3. Involving the same subject matter;

4. Brought by the same claimant;

5. Asserted against the employee of the governmental unit;

6. Whose act or omission gave rise to the claim which resulted in the judgment or settlement.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997).

The only element necessary to support the defense of a governmental employee's immunity which is disputed is whether the claim is being asserted against an employee. In other words, "Is Dr. Smith an employee of the Hospital?"

## JUDICIAL ADMISSIONS

In Dr. Smith's second issue she contends that Altman judicially admitted Dr. Smith was the employee of the Hospital. Dr. Smith contends that certain statements in Altman's pleading filed in response to the Hospital's motion for summary judgment, statements in an affidavit of Altman filed in response to the Hospital's motion for summary judgment and sworn responses to interrogatories which are on file in this cause are judicial admissions.

"In Texas a party may use a formal judicial admission made by a party opponent as a substitute for evidence...." 1A R. Ray, Texas Practice: Law of Evi-

---

**3.** We use the term governmental employee immunity as distinguished from official immunity. Official immunity requires proof of different elements. *See Kassen v. Hatley,* 887 S.W.2d 4, 9 (Tex.1994).

dence § 1127 (3d ed. Supp.1986). "The source of a judicial admission may be facts alleged in a pleading, an agreed upon statement of fact, a stipulation, or a formal declaration made in open court by a party or counsel. *Id.* § 1127 (3d ed.1980). As long as the source of the admission remains unretracted it must be taken as true by the court and the jury. It is binding on the declarant and he cannot introduce evidence to contradict it. *Id." Davidson v. State,* 737 S.W.2d 942, 948 (Tex.App.—Amarillo 1987, pet. ref'd). However a party relying on a judicial admission "... must protect the record by objecting to the introduction of controverting evidence and to the submission of any issue bearing on the facts admitted." *Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989)(original proceeding)(citing *Houston First American Savings v. Musick,* 650 S.W.2d 764, 769 (Tex.1983)).

Dr. Smith did not assert any objection to the summary judgment evidence offered by Altman regarding Dr. Smith's status as an independent contractor. Accordingly Dr. Smith cannot rely on a judicial admission. Thus, we do not reach the question of whether Altman's prior statements that Dr. Smith was an employee of the Hospital were judicial admissions that bind Altman. Dr. Smith's second issue is overruled.

## GOVERNMENTAL EMPLOYEE OR INDEPENDENT CONTRACTOR

In her first issue, Dr. Smith contends that "while a physician may not be an employee of a hospital under agency theory, doctors who work in state public hospitals are always government employees for purposes of § 101.106." Dr. Smith then cites four cases[4] wherein doctors at various State hospitals were granted immunity under section 101.106. However, she then argues: "While the court in *Bossley, Flores, Gonzalez,* and *Cox* did not express-

ly rule that the physician-defendants were 'employees' for purposes of § 101.106, that holding is necessarily implied by the outcome of the cases: A physician who practices medicine in a government hospital is entitled to immunity under § 101.106 when the government hospital receives a judgment." We must disagree.

■ The only thing we can infer from the four cases cited is that the determination of whether those doctors were employees was not at issue in those cases. On the summary judgment motion before the trial court and the issue in this appeal, that is the issue: whether Dr. Smith proved as a matter of law that she is an employee of the Hospital.

The test to determine whether a worker is an employee or an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the employee's work. *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 585–90 (Tex.1964). This same test applies whether the claim arises at common law or under workers' compensation. *Elder v. Aetna Casualty & Sur. Co.,* 149 Tex. 620, 623, 236 S.W.2d 611, 613 (1951). The employer must control not merely the end sought to be accomplished, but also the means and details of its accomplishment as well. *Travelers Ins. Co. v. Ray,* 262 S.W.2d 801, 803 (Tex.Civ.App.—Eastland 1953, writ ref'd). Examples of the type of control normally exercised by an employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result. *See United States Fidelity and Guar. Co. v.*

---

**4.** *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 343–44 (Tex.1998); *Flores v. Law,* 8 S.W.3d 785, 789 (Tex.App.—Houston [1 st Dist.] 1999, pet. filed Feb. 11, 2000); *Gonzalez v. El Paso*

*Hospital District,* 940 S.W.2d 793, 794–95 (Tex.App.—El Paso 1997, no writ); *Cox v. Klug,* 855 S.W.2d 276, 280 (Tex.App.—Amarillo 1993, no writ).

*Goodson,* 568 S.W.2d 443, 447 (Tex.Civ. App.—Texarkana 1978, writ ref'd n.r.e.). *Thompson v. Travelers Indemnity Co. of Rhode Island,* 789 S.W.2d 277, 278–279 (Tex.1990).

This case is unusual because the parties have completely reversed the respective positions which they previously argued. Prior to the trial court's order granting summary judgment to the Hospital, Altman contended Dr. Smith was an employee and the Hospital and Dr. Smith contended she was an independent contractor. After the Hospital's summary judgment, Altman now contends that Dr. Smith is an independent contractor and Dr. Smith contends she is an employee of the Hospital. The parties have filled the summary judgment record with the prior allegations, previous inconsistent statements and other evidence regarding Dr. Smith's status. Her status as employee or independent contractor has been a hotly disputed issue since this case was filed. The parties have simply switched sides of the argument.

 Because any evidence that raises an inference that Dr. Smith is not an employee of the Hospital is all that was necessary for the trial court to properly deny her motion for summary judgment, and for us to affirm that order, we will limit our review of the evidence. Attached to Dr. Smith's motion for summary judgment is the affidavit of the Hospital administrator. Attached to the affidavit is the employment agreement of Dr. Smith. The affidavit contains the following statement:

Dr. Smith was never Defendant Hospital's employee. In this regard, Defendant Hospital never controlled Dr. Smith's medical practice in any respect, including the care and treatment she provided to Ms. Taria Marie Altman. Defendant Hospital never withheld withholding taxes from any funds paid to Dr. Smith. Defendant Hospital never provided Dr. Smith with any vacation pay nor sick pay. Defendant Hospital never provided Dr. Smith with any retirement benefits.

The employment agreement between the hospital and Dr. Smith contains the following statement:

Physician shall not be deemed to be an employee of facility for any purpose whatsoever and physician shall not be eligible to participate in any benefit program provided by the facility for its employees.

These statements raise a fact question regarding the status of Dr. Smith as an employee or independent contractor. While these statements do not establish as a matter of law that Dr. Smith was not an employee of the Hospital, especially when considered in light of the other evidence which indicates she was an employee, they provide some evidence that she was an independent contractor. That was all the trial court needed to properly deny Dr. Smith's motion for summary judgment. Dr. Smith's first issue is overruled.

### MOTION FOR SANCTIONS

 Altman asks this Court to impose $3,000 sanctions for Dr. Smith bringing a frivolous appeal. Altman had also asked the trial court for sanctions of $500 for bringing the motion. The trial court did not impose sanctions. Given that the basis of the motion and appeal resulted because both parties have presented totally inconsistent positions from the position they previously presented, we do not believe that we should impose sanctions. Accordingly, Altman's request for sanctions on appeal is denied.

### CONCLUSION

Nothing herein should be construed to prevent either party from using all the evidence at their disposal to fully explore the status of Dr. Smith with regard to the Hospital. That question has simply not been resolved on the record before us. Having overruled both of Dr. Smith's issues, the trial court's order denying the motion for summary judgment is affirmed. Altman's motion for sanctions is denied.

This matter is remanded to the trial court for further proceedings consistent with this opinion.