Jennifer Rachelle Wesley aka Jennifer Hall Wesley v. Farmers Texas County Mutual Insurance Company















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-323-CV

     JENNIFER RACHELLE WESLEY
     AKA JENNIFER HALL WESLEY,
                                                                         Appellant
     v.

     FARMERS TEXAS COUNTY
     MUTUAL INSURANCE COMPANY,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 97-00-07805-CV
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Jennifer Wesley and her passengers were injured in a car wreck. When hospital bills for their
injuries were submitted to Farmers Texas County Mutual Insurance Company (“Farmers”),
Farmers’s claims representative David Holub called Connie Smith who worked at the hospital to
verify the bills. After examining the bills, Smith told Holub that some of them, including one with
Wesley’s name on it, had been falsified. It is a crime in Texas to make a false insurance claim. 
Tex. Pen. Code Ann. § 35.02 (Vernon Supp. 2001). Holub took the bills to Assistant District
Attorney April Sikes who also said the bills looked falsified. Sikes suggested Holub take the
matter to the police. Holub went to the police with his information, and Police Investigator Keith
Sykes subpoenaed Farmers’s records on the fraudulent claims. Investigator Sykes also concluded
a crime had been committed. Holub did not sign a complaint. He left the matter with Investigator
Sykes and did no further investigation or follow-up.
      Indictments were returned against Wesley and two of her passengers. Eventually the
passengers pled “guilty” to insurance fraud, but the indictment against Wesley was dismissed
because, according to the motion to dismiss filed by the State, “the case was not properly
investigated by Farmers Insurance Company, the Corsicana Police Department, or the District
Attorney’s Intake Attorney. Further investigation revealed that there is insufficient evidence to
convict the Defendant.” Wesley promptly filed a lawsuit against Farmers for malicious
prosecution and abuse of process. Farmers filed a motion for summary judgment, attaching as
summary judgment proof affidavits from Holub, Smith, Sikes, and Sykes. The motion was
granted. Wesley appeals from the summary judgment, asserting in a single issue that it was
improperly granted.
MALICIOUS PROSECUTION
      The elements of malicious criminal prosecution are:
      (1) the commencement of a criminal prosecution against the plaintiff;

      (2) causation (initiation or procurement) of the action by the defendant;

      (3) termination of the prosecution in the plaintiff's favor;

      (4) the plaintiff's innocence;

      (5) the absence of probable cause for the proceedings;

      (6) malice in filing the charge; and

      (7) damage to the plaintiff.
Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997). By its summary judgment
motion, Farmers sought to negate elements five and six, “absence of probable cause” and
“malice.”
      Probable cause in a malicious prosecution claim exists when there are “such facts and
circumstances as would excite belief in a reasonable mind, acting on the facts within the
knowledge of the [complainant], that the person charged was guilty of the crime for which he was
prosecuted.” Id.; Akin v. Dahl, 661 S.W.2d 917, 921 (Tex. 1983). The relevant inquiry is
“whether a reasonable person would believe that a crime had been committed given the facts as
the complainant honestly and reasonably believed them to be before the criminal proceedings were
instituted.” Richey, 952 S.W.2d at 517; Akin, 661 S.W.2d at 920-21. The plaintiff must prove
that the “motives, grounds, beliefs, and other evidence upon which the defendant acted did not
constitute probable cause.” Richey, 952 S.W.2d at 518.
      “[A] defendant in a malicious prosecution case who moves for summary judgment assumes
the burden of showing as a matter of law that the plaintiff has no cause of action against it.” 
Digby v. Texas Bank, 943 S.W.2d 914, 919 (Tex. App.—El Paso 1997, writ denied). “[T]he
movant for summary judgment has the burden of showing there is no genuine issue of material fact
and that it is entitled to summary judgment as a matter of law. On appeal, in deciding whether
there is a disputed material fact issue precluding summary judgment, all admissible evidence
favorable to the non-movant will be taken as true, every reasonable inference must be indulged
in favor of the non-movant, and all doubts resolved in the non-movant’s favor.” Id. (citing Nixon
v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985)); Tex. R. Civ. P.
166a(c). However, “if a defendant can disprove any one of the essential elements of the plaintiff’s
cause of action, then the court should render summary judgment for the defendant.” Digby, 943
S.W.2d at 919; Smith v. Altman, 26 S.W.3d 705, 708 (Tex. App.—Waco 2000, pet. dism’d
w.o.j.).
      Farmers presented affidavits that proved altered hospital bills were being filed by, or at least
on behalf of, Wesley and her passengers. In addition to Holub, the prosecutor, the police
investigator, and a grand jury believed Wesley had committed a crime. Farmers proved “a
reasonable person would believe that a crime had been committed given the facts as the
complainant honestly and reasonably believed them to be before the criminal proceedings were
instituted.” Richey, 952 S.W.2d at 517. Wesley’s summary judgment evidence did not contradict
this evidence, or show that the “motives, grounds, beliefs, and other evidence upon which
[Farmers] acted did not constitute probable cause.” Id. at 518. Her evidence consisted of her
affidavit in which she denied any wrongdoing, and some of Farmers’s answers to interrogatories. 
Therefore, Farmers negated this element of Wesley’s claim.
      By negating one element of Wesley’s malicious prosecution claim, Farmers was entitled to
a summary judgment as to that claim. Wesley’s issue as to the malicious prosecution claim is
overruled. Because we find Farmers negated the probable-cause element, we do not address
Farmers’s attack on the “malice” element.
ABUSE OF PROCESS
      The elements of abuse of process are:
(1) the defendant’s illegal, improper, or perverted use of the legal process that was neither
warranted nor authorized by the process;
      (2) an ulterior motive or purpose in using the process; and
      (3) damage to the plaintiff resulting from the irregularity in the use of the process.
Bossin v. Towber, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ dism’d
w.o.j.); Detenbeck v. Koester, 886 S.W.2d 477, 480 (Tex. App.—Houston [14th Dist.] 1994, no
writ). “[T]here is no liability where the defendant has done nothing more than carry out the
process to its authorized conclusion, even though with bad intentions. The improper purpose
usually takes the form of coercion to obtain a collateral advantage, not properly involved in the
proceeding itself, such as the surrender of property or the payment of money, by the use of the
process as a threat or a club. There is, in other words, a form of coercion, and it is what is done
in the course of negotiation, rather than the issuance or any formal use of the process itself, which
constitutes the tort.” Detenbeck, 886 S.W.2d at 480 (quoting Blackstock v. Tatum, 396 S.W.2d
463, 468 (Tex. App.—Houston [1st Dist.] 1965, no writ)). In Detenbeck, a doctor sued a former
patient for abuse of process claiming the patient sued the doctor to coerce a settlement arising from
a medical malpractice claim. The court held: “The purpose of every lawsuit is to obtain either a
settlement or a judgment. . . . [This] was not an attempt to obtain a collateral advantage, but
merely an attempt to carry out the process to its natural conclusion.” Detenbeck, 886 S.W.2d at
481. “The critical aspect of this tort is the improper use of the process after it has been issued.” 
RRR Farms, Ltd. v. American Horse Protection, 957 S.W.2d 121, 133 (Tex. App.—Houston [14th
Dist.] 1997, pet. denied) (citing Bossin, 894 S.W.2d at 33).
      Apparently Wesley claims that the warrant for her arrest and the indictment against her were
“processes” which were used by Farmers for illegal, improper, or perverted purposes, those being
to “terrorize litigants and [prevent] them from bringing legitimate claims on the policies ‘Farmers’
issues.’” Pl.’s Orig. Pet. § IV(3) (Nov. 25, 1997). However, Farmers’s affidavits establish that
it took actions appropriate under the circumstances, because, acting on facts that a crime may have
been committed, it took its facts to the proper authorities. Wesley, on the other hand, presented
no summary judgment evidence that because of the warrant, arrest, and indictment, she was
coerced into not filing or pursuing a claim against Farmers for damages from the car wreck. 
Wesley’s summary judgment affidavit is silent about that. Therefore, based on the summary
judgment evidence, Farmers was entitled to a summary judgment as to the claim of abuse of
process. The issue is overruled.
CONCLUSION
      Having overruled Wesley’s issues, we affirm the summary judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 2, 2001
Do not publish