**Danny W. CARNEY, Sr., Appellant,**

v.

**SABINE CONTRACTING CORPORATION,**
**Appellee.**

No. 07–95–0048–CV.

Court of Appeals of Texas,
Amarillo.

Jan. 4, 1996.

Gregg M. Rosenberg & Associates, Gregg M. Rosenberg, Ian Scharfman, Houston, Waldman, Grossman & Carpenter, Joel Grossman, Beaumont, for appellant.

Griggs & Harrison, Rosemary E. Sullivan, Houston, for appellee.

Before DODSON, BOYD and QUINN, JJ.

BOYD, Justice.

In this appeal, appellant Danny W. Carney, Sr. challenges a summary judgment denying his suit against appellee Sabine Contracting Corporation (Sabine) for wrongful termination. For reasons later stated, we reverse the judgment of the trial court and remand this case to that court.

The summary judgment evidence shows that on or shortly before May 13, 1992, appellant was orally employed by Hubco, Inc. (Hubco) as a bull dozer operator. On May 13, appellant and Hubco's other employees were asked by Glen Daley, Hubco's general superintendent, to complete two of Sabine's employment packets. The first packet included an "Application for Employment" and a "drug screen" authorization form. Included in the application was a question inquiring if the applicant had ever received workers' compensation benefits and if so, to attach a supplemental form providing details. Appellant indicated he had received workers' compensation benefits but did not submit the requested supplemental form. Included in the second packet was a document entitled "Employment Agreement," a W–4 form for federal taxes, and several acknowledgements of company policies. In relevant part, the employment agreement provided:

> This employment agreement is executed by and between SABINE CONTRACTING CORPORATION, a Texas corporation (hereinafter referred to as the "Company") and Danny Carney (hereinafter referred to as "Employee").
>
> WITNESSETH:
>
> 1. The Company hereby agrees to hire and employ Employee, and the Employee hereby agrees to render service to the Company, and perform such duties in such locations as may be assigned from time to time by the supervisor(s) of the Employee, for a period commencing on the effective date of this agreement and ending as hereinafter provided.
>
> \* \* \* \* \* \*
>
> Executed this 13 day of 5 [sic] 1992.

The document bore the signatures of appellant and of Sabine's vice-president.

Appellant continued to work at the same duties on the same location until May 31, 1992, when he was fired. Appellant contends he was initially told he failed the drug test but when he questioned that explanation, he was told by Daley he was terminated because of his workers' compensation claim. Inasmuch as Sabine does not contest that allegation, we may accept it as correct. Tex. R.App.P. 74(f).

Appellant's suit against Hubco and Sabine for wrongful termination was filed under former Article 8307c of the Texas Revised Civil Statutes Annotated, *repealed and recodified by* Acts of May 22, 1993, 73rd Leg., R.S., ch. 269 §§ 1, 5(1), 1993 Tex.Gen.Laws 987, 1235, 1273 (presently codified at Tex.Lab.Code Ann. § 451.001 (Vernon Pamph.1995)). That statute prohibits an employer from discharging or otherwise discriminating against an employee because the employee has sought workers' compensation benefits and provides a cause of action for violation of that article. By virtue of a settlement agreement, appellant's claims against Hubco have been dismissed leaving Sabine as the sole defendant.

The basis upon which Sabine sought summary judgment was that appellant was not its employee. In support of its motion, Sabine submitted copies of the two packets completed by appellant and, in addition, an affidavit of Sabine's payroll and personnel supervisor, Robin McBee. In her affidavit, McBee described Sabine's process for adding new employees to its records as including assigning an employee number, entry of the employee on Sabine's payroll, and sending a letter telling of the employment by Sabine. McBee also averred that in accordance with Sabine's practice, appellant's employment was never processed because it did not include a supplemental form describing the details of his previous workers' compensation claim. Consequently, she asserted, appellant was never employed by Sabine.

█ It is axiomatic that to be entitled to a summary judgment, a defendant must disprove, as a matter of law, at least one of the essential elements of each of the plaintiffs' causes of action, *Lear Siegler, Inc. v. Perez,*

819 S.W.2d 470, 471 (Tex.1991), or it must establish one or more of its defenses as a matter of law. *Bryant v. Gulf Oil Corp.*, 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.).

The standards for review of a summary judgment are also well established. As mandated by our supreme court:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable doubt must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

We must, therefore, review the summary judgment evidence here to determine if Sabine established its entitlement to the judgment by conclusively establishing that no genuine issue of material fact exists as to the cause of action asserted or as to a defense to that cause of action. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

■ Sabine correctly asserts that to maintain a cause of action such as this one, appellant must have been its employee. *See Anchor Casualty Co. v. Hartsfield*, 390 S.W.2d 469 (Tex.1965); *Stoker v. Furrs*, 813 S.W.2d 719 (Tex.App.—El Paso 1991, writ denied); *Mayo v. Southern Farm Bureau*, 688 S.W.2d 241 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.).

Parenthetically, although both parties rely on the definition of "employee" contained in former Article 8309 § 1,[1] this article was repealed effective January 1, 1991 by Act of December 13, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex.Gen.Laws 1, 115. That Act carried forward the definition in former Article 8309 § 1 to section 1.03(18) of the then new "Texas Workers' Compensation Act." Act of De-

cember 13, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex.Gen.Laws 1, 3.[2] It did not, however, alter article 8307c. Because the definitions in the new Act were only applicable to the Act itself, and Article 8307c was no longer part of that Act, those definitions were no longer applicable to Article 8307c actions (such as this one) which were instituted after the Act's effective date. However, because the statute does not contain its own definition of "employee," cases construing the workers' compensation definition are of some persuasive value.

In the *Stoker* case, which was an article 8307c action, the plaintiff was an employee of Safeway Stores, Inc. In preparation for a November 7, 1987 purchase by Furr's of the El Paso Safeway stores, Furr's interviewed Safeway's employees concerning possible employment with Furr's. Stoker was interviewed on November 2, 1992, and offered a position with Furr's beginning November 7, which she said she accepted. At the end of the interview, Stoker told the interviewer of her pending workers' compensation claim against Safeway and was told she "would have to contact Furr's concerning [the claim]." *Stoker*, 813 S.W.2d at 721. On November 6 or 7, before she started working for Furr's, Stoker was told she "no longer had a job with Furr's." *Id.* Asserting an article 8307c claim, Stoker brought suit against Furr's. The trial court granted Furr's a summary take-nothing judgment. In affirming that judgment, the court of appeals held Stoker was not an employee "because she [was] not yet in the service of the employer or on the employer's payroll" and had not "begun the work of [her] employer." *Id.* at 722.

In *Mayo v. Southern Farm Bureau*, the question posed was whether the plaintiff was an employee of the trucking company that leased the truck he drove, or an employee of the truck's owner. 688 S.W.2d at 242. In resolving that question, we recited several factors to be considered in determining the

---

1. That Article defined an employee as "every person in the service of another under any contract of hire, expressed or implied, oral or written. . . ."

2. For workers' compensation purposes, the definition of an "employee" is now contained in Tex.Labor Code Ann. § 401.012.

existence of an employer-employee relationship under workers' compensation law. They included such matters as the right to hire and fire the worker, the inclusion of the worker on social security and income tax records, provision of the worker's tools, and the responsibility to pay wages. *Id.* at 243, citing *United States Fidelity & Guaranty Co. v. Goodson,* 568 S.W.2d 443, 446 (Tex.Civ. App.—Texarkana 1978, writ ref'd n.r.e.). However, in *Mayo,* it was made clear that the primary factor to be determined is the asserted employer's right of control over the worker in the performance of his duties. 688 S.W.2d at 243, citing *Anchor Casualty,* 390 S.W.2d at 471. The right of control can be determined by an express contract or by evidence of the actual exercise of control. *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 590 (Tex.1964) (tort case); *Mayo,* 688 S.W.2d at 243.

The primacy of the right of control in determining employment is well illustrated in the *Anchor Casualty* case. In that case, the plaintiff furnished his own tools, could perform his own work at the times he chose, and was paid by the job rather than by fixed rate, like the other employees of the asserted employer. Even considering this evidence, the court found it necessary to review the evidence concerning the degree of control over the plaintiff's work, placed emphasis on it in making its decision, and commented that the parties agreed that the right of control was "the determinative test" in deciding whether the plaintiff was an employee. *Anchor Casualty,* 390 S.W.2d at 471.

In this case, Sabine sought to establish that appellant was not its employee by showing he was not issued an employee number, was not included on its payroll, and was not paid any wages by it. Those are relevant factors; however, they do not address the ultimate factor, which is the right to control. In this case, unlike the *Anchor Casualty* and *Goodson* cases, we have a written contract which bears on the ultimate factor of right to control. In its motion for summary judgment, Sabine did not challenge the authority of its officer to enter the agreement nor did it challenge the contract's terms.

■ The cardinal rule in construing a contract is to give effect to the written expression of the parties' intentions, *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex. 1994), and in doing so, we should give effect to each part of the contract when it will not do violence to rules of law or construction. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex.1987).

As we have noted, the contract provided that appellant agreed to render services to Sabine "for a period commencing on the effective date of the agreement. . . ." The only date appearing on the face of the agreement is the date of its execution.[3] Thus, reading the instrument as a whole, the date of its execution is the only date that can be applied in determining its effective date.[4] If that be done, Sabine would have acquired a right of control over appellant's work beginning May 13, 1992, independent of any other action by Sabine concerning its disposition of appellant's employment application. At a minimum; the existence of this facially valid contract presents a genuine question of material fact concerning Sabine's right of control over appellant's work, and, consequently, his status as Sabine's employee.

We have not overlooked the statement in the *Stoker* case that one "must have begun the work of his employer" to be an employee. However, the court offered no authority in support of that statement and we have found none. *See Lotspeich v. Chance Vought Aircraft,* 369 S.W.2d 705 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.) (suggesting a contrary rule). Nevertheless, we cannot say that the summary judgment evidence conclusively established appellant was not performing Sa-

---

**3.** The contract contains no other method by which another date could be calculated.

**4.** Paragraph 9 of the agreement does not alter this result. Paragraph 9 provides that:

After acceptance for employment, Employee agrees to cooperate and provide additional information reasonable and necessary to allow the Company to comply with Government regulations. . . .

The phrase "after acceptance for employment" is a condition precedent to appellant's obligation to provide additional information, not to the effectiveness of the agreement.

bine's work. There is no evidence of the relationship between Hubco and Sabine. There is likewise no evidence of the status of the other employees at the job site. Sabine's contention that appellant was not its employee because it did not process his application suggests an inference that it did complete the applications of other workers and that Sabine considered those workers its employees. If this was so, and summary judgment practice requires such inferences be made in favor of the non-movant, we cannot agree that the summary judgment record shows the work being performed was not that of Sabine. This intermingling of workers was not present in the *Stoker* case and represents a distinguishing factor. In *Stoker,* the undisputed facts showed that work done before November 7 could not have been for Furr's.

Because we hold that Sabine did not conclusively establish appellant was not its employee, appellant's first point is sustained. However, before disposing of this appeal, we must address Sabine's single cross-point in which it challenges the trial court's overruling of its objection to one of appellant's affidavits. Sabine's objection was that two paragraphs of appellant's supplemental affidavit contained hearsay and conclusions. The relevant paragraphs provided:

> On May 13, 1992, Glen Daley, a General Superintendent with Hubco, told all of those employees who were similarly situated as myself to fill out a Sabine employment packet marked Exhibit A–1 through A–11 attached to Defendant's Motion for Summary Judgment.
>
> Glen Daley told us that we were filling out those forms because we were to become employed by Sabine. However, we would still be paid by Hubco and would continue to work on the same project.

Concerning the first paragraph, the identity of the person who presented the packets to appellant was within his personal knowledge. Sabine itself presented the employment packets as summary judgment evidence without any allegation they were given to appellant by mistake or without authority.

While the statements in the second paragraph are subject to objection, that does not change our disposition of the appeal. The material fact issue concerning Sabine's employment of appellant arises from the parties' contractual relationship, not from any statements of appellant or Glen Daley. Finding no reversible error presented by Sabine's cross-point, we overrule it.

Finding merit in appellant's point of error, we sustain it, reverse the judgment of the trial court and remand the cause to that court.