Dominga VASQUEZ, Appellant,

v.

Angel RITCHEY and Haggar Apparel
Company, Appellees.

No. 13–96–556–CV.

Court of Appeals of Texas,
Corpus Christi.

July 2, 1998.

Miguel Salinas, Aaron Pena, Jr., Edinburg,
for Appellant.

Steve Kardell, Jr., Marcus Montalvo, Jor-
dan W. Cowman, Baker & McKenzie, Dallas,
for Appellees.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Dominga Vasquez, appellant, brought suit against Angel Ritchey and Haggar Apparel Company, appellees, alleging wrongful discharge and intentional infliction of emotional distress. The trial court granted summary judgment in favor of appellees. We reverse and remand for trial on the merits.

### FACTUAL BACKGROUND

Appellant worked for Haggar Apparel Company ("Haggar") until she voluntarily terminated her employment in 1987. In 1990, appellant contacted her former supervisor, Connie Garcia, for information on possible job opportunities. The summary judgment evidence shows that Garcia informed appellant that there was an opening, and that she [Garcia] would speak with Haggar's floor manager, Sylvia Barrera. After speaking with Barrera, Garcia contacted Vasquez and told her that she was hired and that she would need to take a drug test. After completing and returning the drug test form, Barrera again told appellant she was hired, and instructed her to report to work the following Monday, September 17, 1990.

When appellant arrived at the plant on the following Monday, she was told to wait in the lobby. After waiting for approximately three hours, appellee Ritchey told appellant that Haggar was not going to hire her because she had too many worker's compensation claims. This was confirmed by the affidavit of Garcia.

Appellant filed suit against appellees alleging that she was wrongfully discharged in violation of article 8307c of the Texas Worker's Compensation Act,[1] and that such wrongful conduct constituted intentional infliction of emotional distress.

Appellees filed a motion for summary judgment arguing that appellant was not entitled to relief under Article 8307c because she was not an employee of Haggar on September 17, 1990, the date of her alleged termination.[2] On September 9, 1996, pursuant to appellees' motion, the trial court granted summary judgment in favor of appellees. Appellant, in two points of error, challenges summary judgment.

The standards for reviewing a motion for summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

A defendant who moves for summary judgment must show that the plaintiff has no cause of action. A defendant may meet this burden by either (1) disproving at least one essential element of each theory of recovery, or (2) conclusively proving all elements of an affirmative defense. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993); *H.S.M. Acquisitions, Inc. v. West*, 917 S.W.2d 872, 877 (Tex.App.—Corpus Christi 1996, writ denied). Once the movant establishes that it is entitled to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989); *Neuhaus v. Richards*, 846 S.W.2d 70, 77

---

1. Article 8307c was repealed by Acts 1993, 73rd Leg., ch. 269, § 5(1), effective September 1, 1993. The language was codified as §§ 451.001–003 of the Texas Labor Code. The facts in this case arose prior to the repeal of article 8307c. Therefore, we apply article 8307c to the facts of this case.

2. Article 8307c, § 1 provides, in pertinent part: No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed, ... instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act....

(Tex.App.—Corpus Christi 1992, writ dism'd judgm't cor.).

In her first point of error, appellant complains that the trial court erred in granting summary judgment because appellees' motion, based on the non-viability of Vasquez's claim for wrongful discharge under Article 8307c, did not address her claims for intentional infliction of emotional distress. We disagree.

 It is well-settled that one may not be granted a judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex. 1997) (limiting summary judgment to those grounds expressly presented in the motion); *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993); *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563 (Tex. 1983). However, even interpreting Vasquez's petition broadly, it is clear that her claim for intentional infliction of emotional distress claim is dependent upon a finding that she was wrongfully discharged in violation of Article 8307c. In other words, the wrongful conduct that appellant claims caused her emotional distress is appellees' alleged wrongful discharge.

Therefore, if appellees meet their burden on summary judgment by showing that Vasquez is not entitled to recovery based on wrongful discharge, Vasquez cannot, as a matter of law, recover on her claim of intentional infliction of emotional distress resulting from such conduct. Accordingly, we hold that appellees' motion for summary judgment does, in fact, address all claims asserted by Vasquez in her petition. Vasquez's first point of error is overruled.

 In her second point of error, appellant argues that the trial court erred in granting summary judgment because a fact question remains as to whether appellant was an employee at the time of her alleged discharge. We agree.

 Proving that she was an employee at the time of the wrongful conduct is an ele-

ment of the claimant's case. However, where the defendant moves for summary judgment on the grounds that plaintiff was not an employee, the defendant has assumed the burden of showing that the claimant was not an employee as a matter of law. *Scroggins v. Twin City Fire Ins. Co.,* 656 S.W.2d 213, 213–14 (Tex.App.—El Paso 1983, no writ).

Appellees argue that the summary judgment evidence conclusively establishes that appellant never became an "employee" of Haggar because she never began the work of her employer. *See Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 722 (Tex.App.—El Paso 1991, writ denied). In support of this argument, appellees point to appellant's own deposition testimony wherein Vasquez admits that she never left the lobby when she presented herself for work, that she never filled out any payroll or tax forms, and that she never set foot on the production floor.

A person becomes an employee under the worker's compensation provisions when that person, pursuant to an oral or written contract for hire, begins the service of his or her employer. TEX.REV.CIV. STAT. ANN. article 8309 § 1 (Vernon 1967), *repealed by* Act of December 13, 1989, 71st Leg., 2nd C.S., ch.1, 1989 Tex. Gen. Laws 1, 115, eff. Jan. 1, 1991 (employee defined as "every person in the service of another under any contract of hire, expressed or implied, oral or written . . . .").[3]

Appellees' motion for summary judgment states: "The issue of whether Barrera offered, and Vasquez accepted, employment with Haggar is in dispute. That issue, however, is not relevant to the question of whether Vasquez was an employee of Haggar during 1990. It is undisputed that the only individual with authority to hire Vasquez did not do so." Appellees offered no summary judgment evidence in support of such contentions. In appellant's deposition, however, used by both parties as summary judgment evidence, appellant repeatedly testified that she had been hired. Therefore, for purposes of this appeal, we presume, as we must under the standards of review set out above, that

---

3. The definition of "employee" for worker's compensation purposes is currently found at TEX. LABOR CODE ANN. § 401.012 (Vernon 1996 & Supp.1998).

Vasquez was hired by Haggar through the actions of Garcia or Barrera.

Accordingly, the question is whether Vasquez was "in the service" of Haggar at the time she was terminated. Few cases address this question.

In the *Stoker* case, relied upon by appellees, Stoker was an employee of Safeway Stores, Inc. In preparation for a November 7, 1987 purchase by Furr's, Inc., of the El Paso Safeway stores, Furr's interviewed Stoker regarding possible employment with Furr's. At the November 2 interview, Stoker was offered and accepted a position with Furr's beginning November 7. After accepting the position, but during the same interview, Stoker informed the interviewer of her pending worker's compensation claim. At that point, Stoker was told by the interviewer that he [the interviewer] would have to contact Furr's concerning the claim, apparently withdrawing the offer of employment. *Id.* at 722. Before Stoker began working for Furr's, Stoker was informed that she "no longer had a job with Furr's." Stoker asserted an article 8307c claim against Furr's alleging that she was terminated because of a pending worker's compensation claim. In affirming the summary take-nothing judgment granted to Furr's by the trial court, the El Paso Court of Appeals held Stoker was not an employee "because she [was] not yet in the service of the employer" and had not "begun the work of [her] employer." *Id.* at 722.

In *Lotspeich v. Chance Vought Aircraft,* 369 S.W.2d 705 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.), a case factually distinguished by the *Stoker* Court, the contrary rule is suggested. There, Claudia Lotspeich was required by the company to take a pre-employment physical examination. Lotspeich was examined by company doctors and nurses on company premises on the same day she reported for work. She subsequently sued the company and a company doctor for failure to discover and inform her that she had tuberculosis. The Dallas Court of Civil Appeals, in affirming a summary judgment for the company, held that she was an employee at the time of the examination and therefore, the Workmen's Compensation

Statutes provided her exclusive remedy. *Id.* at 709. In so holding, the court noted that the physical examination was conducted on the employer's premises, wholly for the benefit of the employer, and under its direction and control. *Id.* Therefore, Lotspeich was an employee even before she actually began performing work for the company.

 We hold, in harmonizing the above caselaw, that a person begins the service of his or her employer and thus becomes an employee under the worker's compensation provisions, when, pursuant to a contract for hire, the employer obtains the right to control the employee. Certainly, as demonstrated by *Stoker,* the right to control an employee cannot arise prior to the time a company becomes an employer. Generally speaking, the right to control will arise once the employee is actively engaged in performing the work of his employer. However, it can also arise where the employee submits to a physical exam on the employer's premises (*Lotspeich* ), or where, as in the case at hand, the hired employee shows up for work as instructed and remains in a designated location pending further instruction from her employer.

This holding is in accord with other cases wherein the power or right to control an employee is determinative. *See Alvarado v. Old Republic Ins. Co.,* 951 S.W.2d 254, 259 (Tex.App.—Corpus Christi 1997, no writ) (fundamental factor in determination of whether worker is employee or independent contractor is right of control); *Aguilar v. Wenglar Const. Co., Inc.,* 871 S.W.2d 829, 831 (Tex.App.—Corpus Christi 1994, no writ) (in determining whether responsibility shifts under borrowed servant doctrine, issue is which employer has right of control over actions of employee at time in question); *J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 636 (Tex.App.—San Antonio 1993, no writ) (employer is liable for negligent acts of its employee only if, on occasion in question, employer had right and power to direct and control employee).

Appellees' sole basis for summary judgment evidence does not show that appellees lacked the right to control Vasquez at the time she arrived as instructed. Rather, ap-

pellees' motion focused on the fact that Vasquez, at the time she was terminated, had not yet filled out payroll or tax forms, nor set foot on the production floor. In light of our discussion above, we find appellees' summary judgment motion insufficient to support the conclusion that Vasquez was not, as a matter of law, an employee of Haggar at the time of her termination. Accordingly, we sustain Vasquez's second point of error, reverse the judgment of the trial court, and remand for trial on the merits.