**C. Paul STEWART, Appellant,**

v.

**John C. LITTLEFIELD, Appellee.**

**No. 01–97–01028–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 9, 1998.

**134**

John P. Bohn, Houston, for Appellant.

Fred Lee Butler, Adam L. Potter, Adams and Reese, L.L.P., Houston, for Appellee.

Before COHEN, WILSON, and NUCHIA, JJ.

## OPINION

WILSON, Justice.

Appellant, C. Paul Stewart (Stewart) appeals the rendition of summary judgment in favor of appellee, John C. Littlefield (Littlefield).

### Factual Background

In May of 1980, the Countryside Village Homeowners' Association (Countryside) hired Stewart as a general maintenance person for a town home complex. Sometime in 1983 or 1984, Stewart was discharged by the board of directors of Countryside. In 1985, Stewart was rehired, and from 1985 to 1990, Stewart was supervised by various members of Countryside's board of directors. In 1990, Countryside delegated the day to day management of the town home complex to Farb Management. Stewart then began to receive work instructions from various Farb employees. In late 1990, Countryside terminated its agreement with Farb Management and entered into a property management agreement with Logan Properties, Inc. (Logan). Stewart then began to receive work instructions from Logan's employees, including Littlefield, who was also an officer and director of Countryside.

From 1991 to 1992, Stewart worked at the direction of Countryside, Logan, and Littlefield including off-site work on other properties for Logan and Littlefield. In July 1992, Stewart was injured on the job and filed a claim for compensation with the Texas Industrial Accident Board. A copy of claim was also received by Countryside's workers' compensation insurance carrier. In Stewart's compensation claim, Stewart swore that Countryside was his employer. Stewart was paid worker's compensation benefits by Countryside's worker's compensation insurance carrier.

In September of 1992, Littlefield, acting in his capacity as an officer of Countryside, notified Stewart by letter and verbally that his position with Countryside had been eliminated. Littlefield, however, wrote a letter to the board of directors of Countryside stating that Stewart, after many years of service to the association, had "discontinued his employment." Littlefield later admitted that the letter was false and that Stewart's position had been eliminated. According to Littlefield, Stewart's position was eliminated because an agreement had been obtained with an independent contractor that would hire Stewart in the same capacity to perform the same work for Countryside.

### Procedural Background

On August 18, 1994, Stewart filed suit against Countryside, Logan, and Littlefield alleging retaliatory discharge in violation of former article 8307c of the Texas Revised Civil Statutes.[1] Stewart alleged that: (1) Countryside, Logan, and Littlefield each had wrongfully discharged and /or discriminated against him because he filed a workers' compensation claim; (2) such conduct constituted a violation of article 8307c; (3) Countryside, Logan, and Littlefield were all "persons" under article 8307c; (4) Countryside, Logan, and Littlefield each had the right to control the details of his work; and (5) Countryside, Logan, and Littlefield were jointly and severally liable under 8307c. Littlefield moved for summary judgment on the basis that article

8307c requires an employer/employee relationship. Littlefield argued that Countryside was Stewart's employer, not Littlefield. Littlefield additionally argued that he could not be individually liable as a supervisory employee under article 8307c. The trial court granted Littlefield's motion, and an agreed order of severance of action was signed by the trial judge.

### Standard of Review

 In a motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). We will not consider any evidence favorable to the movant unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965). Once the movant establishes its entitlement to summary judgment, the burden shifts to the nonmovant to both plead and prove a fact issue. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989). We must affirm the judgment if any theory advanced by appellee in its motion is meritorious. *Cincinnati Life Ins., Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996).

### Point of Error

In one point of error, Stewart argues that the trial court erred in granting Littlefield's motion for summary judgment "on the ground that [Littlefield] was not [Stewart's] employer because the word 'person' in article 8307c is not the equivalent of 'employer.'"

The Texas Legislature enacted article 8307c in 1971 "to protect persons who file a claim or hire an attorney or aid in filing a claim under the Texas Workmen's Compen-

---

1. Article 8307c has since been recodified without substantive change. *See* TEX. LAB.CODE ANN. §§ 451.001–451.003 (Vernon 1997); *see also City of LaPorte v. Barfield*, 898 S.W.2d 288, 293 (Tex.

1995) ("The provision [article 8307c] has never been amended but has since been recodified *without substantive change as sections 451.001–.003 of the Texas Labor Code*.").

sation Act ... because those 'persons are alleged to be often fired or discriminated against by employers for such claims.'" *Texas Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 55 (Tex.1998) (quoting HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 113, 62d Leg., R.S. (1971)). Section 1 of article 8307c provides:

> Protection of Claimants from Discrimination by Employers; Remedies; Jurisdiction
>
> Section 1 No *person* may discharge or in any other manner discriminate against any *employee* because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

(Emphasis added.)

■ Littlefield predicated his motion for summary judgment on the ground that he was not Stewart's employer and therefore could not be a *person* liable under article 8307c. Stewart argues, however, that the term "person" as used in section 1 of article 8307c encompasses both employers and fellow employees, thereby making Littlefield subject to the statute.[2] We disagree.

Although there is no Texas case which directly addresses this issue, we find the Texas Supreme Court's recent discussion of article 8307c in *Texas Mexican Railway Co. v. Bouchet*, 963 S.W.2d 52 55–57 (Tex.1998), to be informative on this issue. The issue in

*Bouchet* was whether employers that were nonsubscribers to the Texas Workers' Compensation Act could be sued for acts of discrimination that violate article 8307c. *Bouchet*, 963 S.W.2d at 53. In discussing the legislative intent behind article 8307c, the Court stated: "When considering the entire legislative history of article 8307c, the Legislature's intent is unmistakable: article 8307c is intended to *apply only to employees and employers* who act under the Texas Workers' Compensation Act." *Bouchet*, 963 S.W.2d at 56 (emphasis added). The Court went on to hold that nonsubscribers to the Texas Worker's Compensation Act therefore could not be liable under 8307c.[3]

■ In addition, the El Paso Court of Appeal's decision in *Stoker v. Furr's, Inc.*, 813 S.W.2d 719 (Tex.App.—El Paso 1991, writ denied) is also useful. In *Stoker*, the issue was whether a prospective employer could refuse under article 8307c to employ a person who had a pending compensation claim. *Id.* at 720–21. The court held that the prospective employer could do so. In its analysis of the issue, the court stated:

> We must assume that the legislature intended that the word "employee" as used in that article have the same meaning as it is defined in Article 8309, sec. 1 of the Act: "every person in the service of another under any contract of hire, ...." Article 8307c begins: "No person may discharge or in any other manner discriminate against any employee. ...." A person could not discharge an employee unless that person was an employer. It is inconceivable that the legislature intended 'per-

---

**2.** In his fourth amended petition, Stewart alleged that he was employed by Countryside, Logan, and Littlefield. However, the only position which was eliminated by Littlefield was Stewart's position with Countryside. There is no claim that Stewart's alleged employment by Logan and Littlefield was terminated. As such, Stewart's claim against Littlefield necessarily must be premised on the argument that the term "persons" as used in article section 1 of article 8307c includes a supervisory employee.

**3.** Stewart relies on another Texas Supreme Court decision to support his claim that the term "person" should encompass supervisory employees. In *City of LaPorte v. Barfield*, 898 S.W.2d 288 (Tex.1995), a former city employee brought an

action under the Anti–Retaliation Law against the city. The issue before the Court was whether the word "person" in the statute included governmental entities so as to waive the city's governmental immunity. *Id.* at 290–91. The Court held that governmental immunity had not been waived. *Id.* at 291. In its analysis, however, the Court noted that the term "person" "is not an equivalent of 'association,' 'subscriber,' or 'employer'; the latter terms are all persons, but 'person' is broader than they are, including, for example, fellow employees as well as the employer and compensation carrier." *Id.* at 295. This same argument, however, was rejected by the majority in *Bouchet*. *See Bouchet*, 963 S.W.2d at 56.

son" to mean an "employer" as applied to discharge but when it came to discriminating in any manner, it intended "person" to mean "any person" regardless of whether there existed an employer/employee relationship. Had the legislature intended to create a cause of action against any person who in any manner discriminated against any other person because the latter had filed a compensation claim, it could have easily said so.

*Stoker*, 813 S.W.2d at 723. In reviewing the language and legislative intent of section 1 of article 8307c, we hold that the word "person" as it appears in section 1 refers only to employers.

In the present case, it is undisputed that Littlefield, acting in his capacity as an officer of Countryside, notified Stewart by letter and verbally that his position with Countryside had been eliminated. Littlefield, as an individual, was not acting as Stewart's employer. In reviewing the evidence in favor of Stewart and indulging every reasonable inference in his favor, we hold that Littlefield was entitled to summary judgment as a matter of law. We therefore conclude that the trial court did not err in granting Littlefield's motion for summary judgment.

We overrule point of error one.

We affirm the judgment.