Van HONHORST, Appellant,

v.

UNIVERSITY OF NORTH TEXAS and Imogene Walden, Appellees.

No. 2–98–087–CV

Court of Appeals of Texas, Fort Worth.

Dec. 28, 1998.

Scott Alan Holman, Denton, for Appellant.

Sherman Wesley Newell and Janine Red Balacki, Assistant Attorney Generals, Aus, for Appellee.

Before DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

Appellant Van Honhorst appeals the summary judgment granted in favor of appellees, the University of North Texas (the University) and Imogene Walden (Walden) on his wrongful termination suit. In two points, appellant contends the trial court erred in granting summary judgment because sovereign immunity does not bar appellant's anti-discrimination suit under Texas Labor Code Section 451. Because we hold the legislature did not waive sovereign immunity under the statute by clear and unambiguous language, we affirm.

## Summary of Relevant Facts and Procedural History

On December 9, 1996, while working for the University, appellant injured his back, which caused his absence from work from December 10, 1996, through December 16, 1996. Appellant told his supervisor, Walden, about his injury and Walden instructed him not to return to work until appellant had a doctor's release. On December 16, 1996, appellant returned to work with the doctor's release and was terminated for absenteeism.

Appellant sued the University and Walden under Chapter 451 of the Texas Workers' Compensation Act, which provides an employer may not discriminate against an employee for filing a workers' compensation claim. The trial court granted summary judgment in favor of the University and Walden on general grounds. This appeal follows.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

A defendant is entitled to summary judgment on an affirmative defense, such as sovereign immunity, if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co.,* 926 S.W.2d at 282. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

When reviewing a summary judgment granted on general grounds, we consider whether any theories set forth in the motion will support the summary judgment. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). The appellant must show that each independent argument alleged in the motion for summary judgment is insufficient to support the trial court's order. *See Berly v. D & L Sec. Services and Investigations, Inc.,* 876 S.W.2d 179, 182 (Tex.App.—Dallas 1994, writ denied).

## Sovereign Immunity as to the University

Sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State. *See Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 405 (Tex.1997). The University and other state universities are agencies of the State of Texas and enjoy the protections of sovereign immunity. *See Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex.1976); *see also Carrillo v. Texas Tech University,* 960 S.W.2d 870, 871 (Tex.App.—El Paso 1997, no pet.).

The Legislature mandates whether governmental immunity is waived. *See City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995) (citing *Guillory v. Port of Houston Auth.,* 845 S.W.2d 812, 813 (Tex.1993), *cert. denied,* 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993)). It is a well-established rule that for the Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. *See Federal Sign,* 951 S.W.2d at 405. Thus, we must determine whether the Legislature has by clear and unambiguous language waived the sovereign immunity of the State under Section 451.011 of the Texas Labor Code which would allow a state employee to bring suit.

The El Paso Court of Appeals recently considered this precise issue in *Carrillo,* 960 S.W.2d at 871. After an extensive

discussion of the labor code, the supreme court's holding in *Barfield*, and other Texas statutes where the Legislature clearly and unambiguously waived the sovereign immunity of the State, the court held that the Legislature did not waive sovereign immunity under the anti-retaliation provision. *See Carrillo*, 960 S.W.2d at 875. We agree.

The language of the Anti–Retaliation statute provides:

> A person may not discharge or in any other manner discriminate against an employee because the employee has:
>
> (1) filed a workers' compensation claim in good faith;
>
> (2) hired a lawyer to represent the employee in a claim;
>
> (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A;[1] or
>
> (4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB.CODE ANN. § 451.001 (Vernon 1996).

▮▮▮ Appellant concedes that *City of La-Porte v. Barfield* controls. 898 S.W.2d at 288. We are obliged by the doctrine of *stare decisis* to follow precedent established by a higher court. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993); *see also Conner v. ContiCarriers and Terminals, Inc.*, 944 S.W.2d 405, 422 (Tex.App.—Houston [14 Dist.] 1997, no writ). In *Barfield*, the supreme court determined the Legislature did not intend to waive sovereign immunity in the anti-retaliation provision. 898 S.W.2d at 293. However, the court ultimately held that the Legislature did intend to waive political subdivisions' immunity for liability imposed by the anti-retaliation statute through the election-of-remedies provisions found in the Political Subdivisions Act. *See Barfield*, 898 S.W.2d at 298. This election-of-remedies provision found in the Political Subdivision Act is not present in the current statute, or its predecessors, as being applicable to agencies of the State of Texas.

*See* TEX.REV.CIV. STAT. ANN. art 8309g; currently TEX. LAB.CODE ANN. §§ 501.001–.050 (Vernon 1996). The absence of a corresponding provision in the state application statute persuades us to conclude there is no clear and unambiguous intent to waive sovereign immunity for agencies of the State of Texas under the anti-retaliation provision.

After examining the Anti–Retaliation Provision, we hold that although the Legislature clearly possesses the ability, if not the duty under certain circumstances, to provide clear and unambiguous language concerning the waiver of such immunity, it wholly failed to do so in the statute at issue before the court. Although the result is harsh, respect for the constitutional principle of separation of powers properly prohibits us from legislating such a waiver of immunity where no clear intent has been shown. Rather, we are to be guided by the Texas Legislature or the Texas Supreme Court. Accordingly, we overrule appellant's first point.

**Official Immunity as to Walden**

▮▮▮ In his second point, appellant asserts that Walden should be held personally liable for his termination because chapter 451 specifically uses the word "person" so the Legislature did not intend to waive sovereign immunity for an individual. We find this argument unpersuasive. The supreme court has held that chapter 451 of the Texas Labor Code is "intended to apply *only* to employees and employers who act under the Texas Workers' Compensation Act." *Texas Mexican Railway Co. v. Bouchet*, 963 S.W.2d 52, 56 (Tex.1998) [emphasis added].[2] Walden, acting in any capacity other than Honhorst's supervisor, would not be acting under the Texas Workers' Compensation Act. The use of the word "person" in the anti-retaliation statute refers only to employers. *See Stewart v. Littlefield*, 982 S.W.2d 133, 136–37 (Tex.App.—Houston [1st Dist.] 1998). We hold the word "person" does not make Wal-

---

1. Subtitle A is the Texas Worker's Compensation Act. *See* TEX. LAB.CODE ANN. § 401.001 *et. seq.* (Vernon 1996).

2. The supreme court reviewed the language of former Art. 8307c. Repealed by Act of May 12,1993, 73rd Leg., R.S., ch. 269, § 5(1), 1993 Tex. Gen. Laws 987, 1273 (current version at TEX. LAB.CODE ANN. § 451.001–.003 (Vernon 1996)). Article 8307c was recodified without substantive change. *See Barfield*, 898 S.W.2d at 293.

den personally liable under Section 451 of the Texas Labor Code.

Furthermore, Section 101.106 of the Texas Civil Practices and Remedies Code provides that a properly granted summary judgment for the University bars any action against an employee arising out of the same facts. *See Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex.1997); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 1997). *Newman* concerned a lawsuit against a school district and a coach working for the district. The trial court granted the district's summary judgment based on sovereign immunity. The supreme court held that the school district's sovereign immunity summary judgment rendered the school district's coach immune from any further legal action. *See Newman,* 960 S.W.2d at 622.

The trial court properly granted the University's motion for summary judgment. It is undisputed that Walden was an employee of the University at all times relevant to this action. Accordingly, the summary judgment for the University renders Walden immune from any further action in this matter. Appellant's second point is overruled.

### Conclusion

Having overruled appellant's points, we affirm the judgment of the trial court.