Norene M. SMITH, Appellant,

v.

COFFEE'S SHOP FOR BOYS AND MEN, INC., Appellee.

No. 8646.

Court of Civil Appeals of Texas, Amarillo.

March 29, 1976.

Robert E. Barfield, Amarillo, for appellant.

Culton, Morgan, Britain & White, Don L. Patterson, Amarillo, for appellee.

REYNOLDS, Justice.

Our 22 March 1976 opinion is withdrawn *sua sponte* and in lieu thereof, this opinion is substituted.

This summary judgment appeal presents the new question whether Vernon's Ann. Civ.St. art. 8307c, § 1, providing that

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim . . . under the Texas Workmen's Compensation Act . . . .

gives an ex-employee a cause of action for the ex-employer's refusal to later re-employ the ex-employee whose discharge was for the reason prohibited by the statute. We hold that it does not and affirm the summary judgment.

The pleadings are: by oral agreement, Norene M. Smith worked as a salaried tailor for Coffee's Shop for Boys and Men, Inc., from mid-1969 until about 9 February 1972 when she suffered an ankle injury while in the course of her employment. Smith filed a claim for workmen's compensation benefits and it was compromised and settled on 26 October 1972. After Smith was advised by her physician that she was physically able to return to work, Coffee's asked her to return to work immediately, but she took a two week vacation, the time for which had accrued prior to her injury. Coffee's hired a part-time, and then a full-time, replacement. At the expiration of her vacation about 17 October 1972, Smith requested, but Coffee's refused, permission for her to return to work. Thereafter, Smith made several requests, the latest in the spring of 1974, to be permitted to return to work, but each request was refused.

On 11 March 1975, Smith filed this suit, seeking damages for Coffee's refusal to permit her to return to work because she had filed a compensation claim. Coffee's moved for summary judgment on the ground that Smith's pleadings showed her claim was barred by the two-year statute of limitation, V.A.C.S. art. 5526, § 4. The trial court, finding the pleadings show that Smith's claim is barred by limitation as a matter of law, rendered summary judgment, decreeing that Smith take nothing.

Conceding that the two-year statute of limitation bars any claim for the discriminatory discharge prohibited by the statute, Smith contends that by the use of the language "or in any other manner discriminate against an employee," the legislature intended to enlarge the statutory coverage to include the refusal to reemploy a former employee wrongfully discharged. To illustrate the legislature's intent, Smith relies upon cases concerning the unlawful employment practices prohibited by the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

■ Our concern, however, is the Texas statute proscribing certain discriminations against "any employee," and not the federal act prohibiting certain practices against "any individual." What the Texas Legislature intended is revealed primarily by the language of its statute, *Magnolia Petroleum Co. v. Walker*, 125 Tex. 430, 83 S.W.2d 929, 934 (1935), particularly when the legislature has defined its own terms. *City of San Antonio v. Handley*, 308 S.W.2d 608, 610 (Tex.Civ.App.—San Antonio 1957, writ ref'd).

■ Phrasing art. 8307c, § 1, in plain and unambiguous language, the legislature has said that no employer may discharge or otherwise discriminate against an employee because that employee in good faith filed a compensation claim. This proviso is a part of the Texas Workmen's Compensation Act, V.A.C.S. art. 8306 *et seq.*, in which the word "employee" is used to mean, subject to qualifications not material here, "every person in the service of another under any contract of hire." Art. 8309, § 1. The

statutory definition of "employee" comports with its ordinary meaning: "one employed by another; one who works for wages or salary in the service of an employer.". Webster's New International Dictionary (2nd Ed.). Thus, clearly, the acts statutorily condemned are those occurring during the employment, and not afterwards. To hold otherwise would ascribe to the word "employee" a new meaning and one that is different from both the statutory definition and the ordinary meaning. Such a holding would both thwart the legislative intent, *Eppstein v. State*, 105 Tex. 35, 143 S.W. 144, 146 (1912), and give the statute a strained or technical construction, *Calvert v. Phillips Chemical Co.*, 268 S.W.2d 478, 481 (Tex.Civ. App.—Austin 1954, writ ref'd), neither of which we are at liberty to do. 53 Tex. Jur.2d Statutes § 151.

▮ Smith's cause of action under the statute was for discriminatory discharge and not for Coffee's refusal to later re-employ her. Her pleadings show that her statutory cause of action is barred, and summary judgment was proper when she pleaded herself out of court. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974).

The judgment is affirmed.