NUMBER 13-01-801-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

 

 EDWARD YBARRA ,                                                       
         Appellant,

 

                                                   v.

 

 H. B. ZACHARY COMPANY,                                                  Appellee,


 

 

                        On appeal from the
135th District Court   

                                  of Victoria
County, Texas.

 

 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

Opinion
by Chief Justice Valdez

 

Appellant,
Edward Ybarra (Ybarra), appeals the trial court=s granting of a motion for directed
verdict in favor of appellee, H. B. Zachry Co. (Zachry).  Ybarra argues that the trial court erred in
granting the directed judgment.  We
affirm.








Facts

Ybarra worked
off an on for Zachry from the mid 1970's to his last layoff in June of
1998.  During this period of time, Ybarra
was periodically laid off due to reductions in forces and subsequently rehired
as an employee of Zachry when new projects arose.  Ybarra= projects
ranged from painting and insulating to working as a multi-craftsman.  After each layoff Ybarra would wait 90 days or
Akeep applying
or going up there and just wait for them to call back,@ each time refiling an application for
employment.  In June of 1997, during the
last period of his employment, Ybarra suffered from a Afume incident@ which caused him to
have trouble breathing.  He subsequently
filed a workers= compensation claim in
August 1997.  Ybarra, along with other
members of his crew were laid off in June of 1998.  Following his last layoff, Zachary did not
recall Ybarra for employment.  Ybarra
argues that Zachry=s failure to recall his
employment was retaliation against him because he filed a workers= compensation claim. 

Ybarra then filed suit
against Zachry.  The case was called to
trial on October 1, 2001, and a jury was impaneled.  During voir dire, Ybarra=s counsel stated that
Zachry retaliated against Ybarra by not hiring him after a reduction in
force.  After voir dire, Zachary filed an
oral motion in limine contending Ybarra=s claim for wrongful
recall did not state a cause of action, and any evidence of failure to rehire
after his termination should not be permitted. 
The trial court allowed Ybarra to make a bill of exception and show what
its proffered evidence would be.   The
trial court then granted Zachry=s motion for directed
verdict.                          

Analysis








In reviewing a directed
verdict, we examine the evidence in the light most favorable to the person
suffering an adverse judgment.  S.V.
v. R.V., 933 S.W.2d 1, 8 (Tex. 1996). 
A directed verdict is appropriate when reasonable minds can draw only
one conclusion from the evidence.  Villareal
v. Art Inst. of Houston, 20 S.W.3d 792, 795 (Tex. App.BCorpus Christi 2000, no
pet.) (citing Collora v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978)).  Where the plaintiff fails to present evidence
in support of a fact essential to her right to recover or where a defense
against the plaintiff=s cause of action is
conclusively proved or admitted, a directed verdict for the defendant is
proper.  Villegas v. Griffin Indus.,
975 S.W.2d 745, 749 (Tex. App.BCorpus Christi 1998,
pet. denied)  When reasonable minds may
differ as to the truth of controlling facts, the issue must go to the
jury.  Id.  When no evidence of probative force on an
ultimate fact element exists the trial court has the duty to instruct the
verdict.  Villareal, 20 S.W.3d at
796.  The reviewing court may affirm a
directed verdict even if the trial court=s rational for granting
the directed verdict is erroneous, provided it can be supported on another
basis.  Kelly v. Diocese of Corpus
Christi, 832 S.W.2d 88, 90 (Tex. App.BCorpus Christi 1992,
writ dism=d w.o.j.).

Section 451.001 of the
Texas Labor Code, the statute relied upon by Ybarra as a cause of action,
provides:

A person may not
discharge or in any other manner discriminate against an employee because the
employee has: 

 

(1) filed a workers= compensation claim in
good faith;

(2) hired a lawyer to
represent the employee in a claim . . .

 

Tex.
Lab. Code Ann. ' 451.001 (Vernon Supp.
2002).








A claim under the
Workers= Compensation Act cannot
be brought against one who is not an Aemployer@ within the meaning of
the act.  Jenkins v. Guardian Indus.,  16 S.W.3d 431, 439 (Tex. App.BWaco 2000, pet.
denied).  Unless otherwise specified, an
employer is a Aperson who makes a
contract of hire, employs one or more employees, and has workers= compensation insurance
coverage.@  Tex.
Lab. Code Ann. ' 401.011 (18) (Vernon
Supp. 2002).  The judgment signed by the
trial court states in pertinent part:

Plaintiff was not
seeking to prove that Plaintiff was wrongfully terminated or that his
termination constituted retaliation, but that he was contending that he had
been retaliated against by reason of the fact that he was not recalled
following a lay off and reduction in force, while the other employees were so
recalled.

 

In Smith v. Coffee=s Shop for Boys and Men,
Inc.,
536 S.W.2d 83, 84-85 (Tex. App.BAmarillo 1976, no writ)
the appellate court considered a case in which an ex-employee brought a claim
under the predecessor to section 451.001 for failure to rehire.  Although this case was ultimately decided on
other grounds,[1]
we find the analysis informative on whether an ex-employee has a cause of
action for failure to rehire.  Id.
at 84.








Smith was a salaried
tailor at the coffee shop from 1969-1972. 
Id.  She suffered an ankle
injury while in the course and scope of her employment.  Id. Smith filed a claim for workers= compensation benefits
that was subsequently settled in October of 1972.  Id.  After Smith was advised by her physician that
she was physically able to return to work, her employer asked her to return to
work immediately, but she took a two week vacation, the time which she had
accrued prior to her injury. Id.  Coffee=s hired a part-time, and
then a full-time, replacement. Id. At the expiration of Smith=s vacation she made
requests for permission to return to work. 
Id.  Her requests were
refused.  Id.  

Notwithstanding the
statute of limitations analysis, the appellate court reasoned that the Aacts statutorily
condemned are those occurring during the employment, and not afterwards.@ Smith, 536
S.W.2d at 85.  The Court further opined
that the applicable statute concerned discriminatory discharge and not refusal
to later re-employ.  Id.  

We find this analysis
informative under the current applicable statute.  Under the Texas Workers= Compensation Act, we
recognize that employees may file claims for discriminatory discharge.  Tex.
Lab. Code Ann. ' 451.001 (Vernon Supp.
2002).  We do not, however, read that
statute to include an additional cause of action for failure to rehire.  As such, we find that no evidence of
probative force on an ultimate fact element exists. Villareal, 20 S.W.3d
at 796.  Accordingly the trial court did
not err in granting Zachry=s motion for a directed
verdict.  

Appellants sole point of
error is overruled.  The judgment of the
trial court is therefore affirmed.

  

                                              

                                      ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 27th day of June, 2002.

 

 











[1] The
appellate court held that the plaintiff=s statutory cause of action for
retaliation was barred by the two year statute of limitations. 
Smith v. Coffee=s Shop for Boys and Men, Inc., 536 S.W.2d 83, 84 (Tex. App.BAmarillo 1976, no writ)